Allison C. Eckstrom, California Bar No. 217255
allison.eckstrom@bclplaw.com
Christopher J. Archibald, California Bar No. 253075
christopher.archibald@bclplaw.com
Karina Lo, California Bar No. 322909
karina.lo@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone:   (949) 223-7000
Facsimile:    (949) 223-7100

Attorneys for Defendant
WALGREEN PHARMACY SERVICES MIDWEST, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PHAM, an individual<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN PHARMACY SERVICES MIDWEST, LLC, a Illinois corporation; YVONE YANG, an individual; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.<br><br>**DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL**<br><br>**[DIVERSITY JURISDICTION]** |

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

PROOF OF SERVICE

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Walgreen Pharmacy Services Midwest, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## PROCEDURAL BACKGROUND

1.     On March 16, 2022, Plaintiff commenced a lawsuit against Defendants in the Superior Court of the State of California for the County of Orange, entitled "*Joseph Pham, an individual, Plaintiff vs. Walgreen Pharmacy Services Midwest, LLC, an Illinois Corporation; Yvone Yang, an individual; and DOES 1 through 10, inclusive, Defendants*," Case No. 30-2022-01249942-CU-WT-CJC.

2.     On May 10, 2022, Plaintiff served Defendant Walgreen Pharmacy Services Midwest, LLC's agent for service of process, Corporation Service Company, with the following documents: (a) Summons; (b) Complaint; (c) Civil Case Cover Sheet; (d) Alternative Dispute Resolution (ADR) Information Package; (e) Alternative Dispute Resolution (ADR) Stipulation; (f) Notice of Hearing Case Management Conference; and (g) Clerk's Certificate of Service by Mail.   A true and correct copy of the Summons to Defendant Walgreen Pharmacy Services Midwest, LLC is attached hereto as "**Exhibit 1**." A true and correct copy of the Complaint is attached hereto as "**Exhibit 2**."   A true and correct copy of the Civil Case Cover Sheet is attached hereto as "**Exhibit 3**."   A true and correct copy of the Alternative Dispute Resolution (ADR) Information Package is attached hereto as "**Exhibit 4**." A true and correct copy of the Alternative Dispute Resolution (ADR) Stipulation is attached hereto as "**Exhibit 5**."   A true and correct copy of the Notice of Hearing Case Management Conference is attached hereto as "**Exhibit 6**."   A true and correct

1

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

1  copy of the Clerk's Certificate of Service by Mail is attached hereto as "**Exhibit 7**."

2      3.      Plaintiff has not served Defendant Yang with a Summons or the Complaint.

3  As such, she need not join in this removal for that reason and because she is a "sham"

4  defendant. *Destfino v. Reiswig*, 630 F3d 952, 955 (9th Cir. 2011); *Chambers v. HSBC Bank*

5  *USA, N.A.*, 796 F.3d 560, 564-565 (6th Cir. 2015); *Farias v. Bexar County Bd. of Trustees*

6  *for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991).

7      4.      Exhibits 1 through 7 to this Notice of Removal constitute all pleadings,

8  process, and orders served in this action at the time of removal.

9      5.      Plaintiff alleges the following causes of action against Defendant Walgreen

10 Pharmacy Services Midwest, LLC: (1) Discrimination on the Basis of Disability and

11 Requesting/Taking Medical Leave in Violation of FEHA; (2) Harassment on the Basis of

12 Disability and Taking Medical Leave in Violation of FEHA; (3) Failure to Engage in the

13 Interactive Process in Violation of FEHA; (4) Failure to Provide Reasonable

14 Accommodation in Violation of FEHA; (5) Discrimination on the Basis of Age in Violation

15 of FEHA; (6) Discrimination on the Basis of Military Status in Violation of FEHA; (7)

16 Retaliation in Violation of California Labor Code section 1102.5; (8) Retaliation in

17 Violation of FEHA; (9) Failure to Prevent Discrimination and Retaliation; (10) Wrongful

18 Constructive Discharge in Violation of Public Policy; and (11) Unfair and Unlawful

19 Business Practices in Violation of Business and Professions Code section 17200 et seq.

20     6.      Plaintiff only alleges the second cause of action for "Harassment on the Basis

21 of Disability and Taking Medical Leave in Violation of FEHA" against Defendant Yang.

22                              **REMOVAL IS TIMELY**

23     7.      A case may be removed at any time, provided that neither of the two 30-day

24 periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered.  *Roth v. CHA*

25 *Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

26     8.      28 U.S.C. § 1446(b)(1) provides that, "The notice of removal of a civil action

27 or proceeding shall be filed within 30 days after the receipt by the defendant, through service

28 or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which

2

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

1    such action or proceeding is based . . . .”

2    9.    “[N]otice of removability under § 1446(b)(1) is determined through
3    examination of the four corners of the applicable pleadings[.]”  *Harris v. Bankers Life &*
4    *Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  The Complaint does not “reveal on its face
5    the facts necessary for federal court jurisdiction.”  *Rea v. Michaels Stores, Inc.*, 742 F.3d
6    1234, 1238 (9th Cir. 2014) (quoting *Harris*, 425 F.3d at 691–92).  Specifically, it does not
7    reveal on its face that the amount in controversy exceeds $75,000 for traditional diversity
8    purposes.

9    10.    Plaintiff also never served Defendant with any “other paper” sufficient to
10   trigger the second 30-day clock.  28 U.S.C. § 1446(b)(3).

11   11.    Because (a) neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1)
12   and (b)(3) have been triggered; and (b) Defendant filed this Notice of Removal within 30
13   days of being served, Defendant’s removal is timely.

14                    **PLAINTIFF’S COMPLAINT IS SUBJECT**
15              **TO REMOVAL BASED ON DIVERSITY GROUNDS**

16   12.    This is a civil action of which this Court has original diversity jurisdiction
17   under 28 U.S.C. § 1332 and is properly removable pursuant to the provisions of 28 U.S.C.
18   sections 1441(a) and (b), because it is a civil action in which the amount in controversy
19   exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of
20   different states, as set forth below.

21   **Complete Diversity of Citizenship Exists Between Plaintiff and Defendants**

22   13.    **Plaintiff is A Citizen of California**.  A person is a “citizen” of the state in
23   which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.
24   1983).  A person’s domicile is the place he resides with the intention to remain or to which
25   he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).
26   Plaintiff alleges that he is a California resident.  (Complaint, ¶ 1).  He claims that he worked
27   for the Defendant in California for 18 years, from 2003 to 2021.  (Complaint, ¶¶ 10, 12, 30).
28   Throughout his entire employment, Plaintiff was employed by Defendant Walgreen

PROOF OF SERVICE

Pharmacy Services Midwest, LLC in California and maintained a residential address in California. (Declaration of Alicia Musgrove ("Musgrove Decl."), ¶ 2). Therefore, Plaintiff resided in California at the time the action was commenced, for at least 18 years before that, and intends to remain there. Moreover, there is a presumption of citizenship in favor of a party's established domicile. *Tachibana v. Colorado Mountain Dev., Inc*., No. CIV 07-00364SPKBMK, 2007 WL 2916134, at *1 (D. Haw. Oct. 2, 2007), report and recommendation adopted, No. 07-00364 SPK-BMK, 2007 WL 4162857 (D. Haw. Nov. 21, 2007). As such, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of California.

14. **Defendant Walgreen Pharmacy Services Midwest, LLC is a Citizen of Illinois, Delaware, Louisiana, and New York**. Courts treat limited liability companies the same as partnerships for diversity jurisdiction purposes and, therefore, look to the citizenship of each member of the company: "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Unlike a corporation, an LLC is *not* a citizen of the state in which it was organized unless one of its members is a citizen of that state. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-1238 (10th Cir. 2015).

15. At the time of the filing of this action and continuing through the date of this removal, the members of Walgreen Pharmacy Services Midwest, LLC have been Happy Harry's, Inc. ("HHI"), Walgreen Louisiana Co., Inc. ("WLC"), Duane Reade, Inc. ("DRI"), and Bond Drug Company of Illinois, LLC ("BDCI"). (Declaration of Joseph B. Amsbary, Jr. ("Amsbary Decl."), ¶ 2).

16. At the time of the filing of this action and continuing through the date of this removal, HHI has been a corporation incorporated under the laws of the State of Delaware with its principal place of business in Illinois. (Amsbary Decl., ¶ 3). HHI's corporate headquarters are in Deerfield, Illinois where HHI's officers direct, control and coordinate HHI's activities. HHI's operations are managed from this location,

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations. (*Id.*)

17.     At the time of the filing of this action and continuing through the date of this removal, WLC has been a corporation incorporated under the laws of the State of Louisiana with its principal place of business in Illinois.  (Amsbary Decl., ¶ 4). WLC's corporate headquarters are in Deerfield, Illinois where WLC's officers direct, control and coordinate WLC's activities.  WLC's operations are managed from this location, including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations. (*Id.*)

18.     At the time of the filing of this action and continuing through the date of this removal, DRI has been a corporation incorporated under the laws of the State of Delaware with its principal place of business in Illinois. (Amsbary Decl., ¶ 5). DRI's corporate headquarters are in Deerfield, Illinois where DRI's officers direct, control and coordinate DRI's activities.  DRI's operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations. (*Id.*)

19.     At the time of the filing of this action and continuing through the date of this removal, the sole member of BDCI has been Walgreen Eastern Co., Inc. ("WEC"). (Amsbary Decl., ¶ 6).  At the time of the filing of this action and continuing through the date of this removal, WEC has been a corporation incorporated under the laws of the State of New York with its principal place of business in Illinois. (*Id.*)  WEC's corporate headquarters are in Deerfield, Illinois where WEC's officers direct, control and coordinate WEC's activities. (*Id.*)  WEC's operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations. (*Id.*)

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

5

20.    Thus, for diversity purposes, Defendant Walgreen Pharmacy Services Midwest, LLC is a Citizen of Illinois, Delaware, Louisiana, and New York—and *not* a Citizen of California.

21.    **Defendant Yang's Citizenship Should Be Disregarded For Determining Whether Diversity Exists Because She Is A Sham Defendant.**  Defendant Yang must be disregarded for purposes of diversity because she is a "sham" defendant – *i.e.*, she cannot be found liable as a matter of law.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

22.    In assessing diversity of citizenship, fraudulently joined defendants are not considered and will not defeat removal.  *Ritchey v. Upjohn Drug Co*., 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Wilson v. Republic Iron & Steel Co*., 257 U.S. 92, 97 (1921).  A defendant is considered fraudulently joined, or a sham defendant, when the plaintiff fails to state a viable cause of action against the alleged sham defendant and when a defendant shows that there is no possibility the alleged sham defendant could be held liable for any claim.  *Ritchey, supra*, at p. 1318; see also *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001) (defendant's presence in lawsuit is ignored "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state") (quoting *McCabe v. Gen. Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987)).  However, this does not mean that a defendant cannot be found to have been fraudulently joined solely because the plaintiff asserted a claim against the individual that is permitted by law to be asserted against the defendant.  *North v. Samsung SDI America, Inc*., No. 5:19-cv-05621-EJD, WL 1984020 (N.D. Cal. Apr. 27, 2020); *see also Eaton v. Cavalia (USA) Inc.*, No. C 20-05219 WHA, 2020 WL 6130886, at *2 (N.D. Cal. Oct. 19, 2020).

23.    To constitute harassment under FEHA, the workplace must be "permeated with discriminatory intimidation, ridicule and insult that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 263 (2009).  Plaintiff

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

6

must demonstrate that: (1) he is a member of a protected group; (2) he was subjected to harassment because he belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment. *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). Under the FEHA, harassment includes: "(a) verbal harassment, e.g. epithets, derogatory comments or slurs"; "(b) physical harassment, e.g. assault, impeding or blocking movement, or any physical interference with normal work or movement, when directed at an individual", or "(c) visual forms of harassment, e.g. derogatory posters, cartoons, or drawings." *Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW, 2013 WL 5575073, at *3-4 (C.D. Cal. Oct. 10, 2013) (citing to the FEHA's regulations regarding harassment).

24.    There is no possibility that Plaintiff can establish a cause of action for harassment against Defendant Yang. Plaintiff only alleges that Defendant Yang engaged in typical management activity, including giving Plaintiff a performance evaluation, offering an alternative position in lieu of terminating Plaintiff due to his poor performance, and disciplining Plaintiff. (Complaint, ¶¶ 18-20, 22, 23, 26, 28).

25.    None of the foregoing can possibly be construed as unlawful harassment. Plaintiff does not (and cannot) allege that Defendant Yang made any verbal comments or remarks, physically harassed him in any way, or engaged in any visual form of harassment. (Complaint, ¶¶ 18-20, 22, 23, 26, 28). For that reason, courts have found fraudulent joinder in similar circumstances. See, e.g., *Quigley v. United Airlines, Inc.*, No. 3:21-CV-00538-WHO, 2021 WL 1176687, at *6 (N.D. Cal. Mar. 29, 2021) (finding fraudulent joinder where the "only thing [the defendant] [was] alleged to have done – terminating [the plaintiff] without any arguably discriminatory, harassing, or rude comments or other aggravating circumstances – is not actionable as harassment"); *Wexler v. Jensen Pharms., Inc.*, No. CV-15-03518-ABA (JWX), 2015 WL 6159101, at *5-6 (C.D. Cal. Oct. 20, 2015) (denying the plaintiff's remand motion and finding fraudulent joinder where the plaintiff could not plead any actionable harassment and pled only management activity that was not harassing in any way); *Tipton v. Airport Terminal Services, Inc.*, No. 2:18-CV-09503-AB-JEM, 2019 WL

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

7

185687, at *1 (C.D. Cal. Jan. 14, 2019) (finding fraudulent joinder because the manager's conduct, which consisted solely of management activity, was not at least "harassing in some way."); *Ramirez v. Little Caesars Enterprises, Inc.*, No. 2:18-cv-07993-AB-JPR, 2018 WL 5816107 (C.D. Cal. Nov. 2, 2018) (finding that the plaintiff had no possibility of establishing a harassment claim against a non-diverse individual defendant because the defendant's allegedly harassing conduct was primarily management activity).

26.     Instead, Defendant Yang's alleged conduct consists solely of management activity.  Indeed, she simply gave Plaintiff a performance evaluation, offered an alternative position in lieu of terminating Plaintiff due to his poor performance, and disciplined Plaintiff.  Although Plaintiff mistakenly claims that the foregoing decisions were motivated by unlawful reasons, the remedy is a claim for discrimination or retaliation, not harassment.  (Complaint, ¶¶ 18-20, 22, 23, 26, 28).  Indeed, personnel management activity, without accompanying allegations of egregious comments directed at any employee based on a protected characteristic, cannot support a harassment claim.  *See, e.g., Lawler v. Montblanc N. Am., LLC,* 704 F.3d 1235, 1244 (9th Cir. 2013) ("Unlike discrimination claims, harassment consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management.") (citation and internal punctuation omitted); *Kroeger v. Vertex Aerospace LLC*, No. CV 20-3030-JFW(AGRX), 2020 WL 3546086, at *12 (C.D. Cal. June 30, 2020) (granting motion to dismiss because the plaintiff's allegations that defendant "failed to assign him to deployments . . . scheduled employee breaks late, assigned him work he did not desire, and ultimately suspended him and terminated his employment . . . constitute personnel management acts that cannot support a harassment claim").

27.     Plaintiff fails to, and cannot without violating Rule 11, allege that Defendant Yang ever made any hostile, offensive, oppressive, or intimidating remarks about his alleged disability, taking medical leave, age, or military status.  Therefore, Defendant Yang is a sham defendant who must be disregarded for removal purposes.

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

PROOF OF SERVICE

28.   **The Citizenship of "Doe Defendants" Must Be Disregarded.**   The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a).

### The Alleged Amount In Controversy Exceeds $75,000[1]

29.   While Defendant denies any liability as to Plaintiff's claims, the amount in controversy in this action easily exceeds the sum of $75,000.  To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in the Ninth Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages."  *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, *2 (E.D. Cal., May 1, 2007).  Defendant need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000.  *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007).  Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction."  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

30.   The amount in controversy is determined from the allegations and prayer of the complaint.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).  If the complaint does not on its face reflect the amount in controversy, the Court may consider facts from the removal petition, as well as evidence submitted by the parties, relevant to the amount in controversy at the time of removal.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

31.   Plaintiff alleges the following causes of action against Defendant Walgreen Pharmacy Services Midwest, LLC: (1) Discrimination on the Basis of Disability and Requesting/Taking Medical Leave in Violation of FEHA; (2) Harassment on the Basis of Disability and Taking Medical Leave in Violation of FEHA; (3) Failure to Engage in the Interactive Process in Violation of FEHA; (4) Failure to Provide Reasonable

---

[1] Defendant denies any liability whatsoever with respect to Plaintiff's claims.  The sole purpose of this removal is to establish the amount that is in controversy with respect to Plaintiff's claims.

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

PROOF OF SERVICE

Accommodation in Violation of FEHA; (5) Discrimination on the Basis of Age in Violation of FEHA; (6) Discrimination on the Basis of Military Status in Violation of FEHA; (7) Retaliation in Violation of California Labor Code section 1102.5; (8) Retaliation in Violation of FEHA; (9) Failure to Prevent Discrimination and Retaliation; (10) Wrongful Constructive Discharge in Violation of Public Policy; and (11) Unfair and Unlawful Business Practices in Violation of Business and Professions Code section 17200 et seq. Defendant Walgreen Pharmacy Services Midwest, LLC expressly denies all of Plaintiff's claims. However, a plaintiff alleging discrimination, harassment, or retaliation in violation of FEHA may recover damages for past economic loss, future economic loss, past noneconomic loss, and future noneconomic loss, punitive damages, and attorneys' fees.

32.     Here, Plaintiff seeks to recover loss of earnings, benefits, emotional distress, punitive damages, and attorneys' fees. (Prayer at ¶¶ 1-9).

33.     **Lost Wages.**  Defendant Walgreen Pharmacy Services Midwest, LLC expressly denies that Plaintiff is entitled to recover lost wages as it denies that Plaintiff can recover on his underlying claims. However, for purposes of calculating the amount in controversy, Plaintiff's final hourly rate of pay was $66.29. (Musgrove Decl., ¶ 3). In 2021, Plaintiff earned $29,998.12 between January 1, 2021 and March 25, 2021, when Plaintiff resigned. (*Id.*, ¶ 4; Complaint, ¶ 30). In 2021, Plaintiff earned $2,531.48 per week ($29,998.12 / 11.85 weeks). Since March 25, 2021, more than 62 weeks have passed. Therefore, Plaintiff's lost wages at the time of removal are at least **$156,951.76** ($2,531.48 x 62).

34.     **Emotional Distress and Mental Suffering.**  Defendant Walgreen Pharmacy Services Midwest, LLC expressly denies that Plaintiff is entitled to recover emotional distress damages as it denies that Plaintiff can recover on his underlying claims. However, for purposes of calculating the amount in controversy, Plaintiff's complaint seeks unspecified damages for "emotional distress." (See, e.g., Complaint, ¶ 35). Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes. See, e.g., *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Cain v.*

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

10

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

1 | *Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d 1246, 1250 (C.D. Cal. 2012); see also
2 | *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("In fact,
3 | emotional distress damages may be considered when calculating the amount in controversy
4 | even where not clearly pled in the complaint."). "To establish the amount of emotional
5 | distress in controversy, a defendant may introduce evidence of jury verdicts in other cases."
6 | *Cain*, 890 F.Supp.2d at 1250 (C.D. Cal. 2012) (citing *Rivera v. Costco Wholesale Corp.*,
7 | No. C 08–02202 CW, 2008 WL 2740399, at *1 (N.D. Cal. July 11, 2008)).

8 |   35. In *Baghumian v. County of Los Angeles*, 2018 WL 3609142 (Los Angeles
9 | County Superior Court 2018), the plaintiff, a lifeguard, claimed that he was discriminated
10 | against for missing work because of a work-related injury to his hand.  He also alleged that
11 | he complained about the discrimination, after which he was terminated in retaliation for his
12 | complaints.  The jury found for the plaintiff and awarded him $175,000 for emotional
13 | distress.  (Archibald Decl., Ex. A).

14 |   36. In *Villalta v. Leonardo's Restaurant, Inc. et al.,* 2016 WL 2941139 (Los
15 | Angeles Superior Court), the employee sued her employer for discrimination, retaliation,
16 | and harassment in violation of FEHA.  The employee was employed by the defendants as a
17 | waitress.  She claimed that defendant discriminated against her by reducing her work hours
18 | and terminating her employment because she was pregnant.  The jury returned a verdict for
19 | her and awarded her $45,000 in emotional distress damages.  (Archibald Decl., Ex. B).

20 |   37. In *Woods v. City of Inglewood*, 2002 WL 33844526 (Los Angeles Superior
21 | Court 2002), plaintiff alleged that the Inglewood City Council promoted an African-
22 | American police office to the rank of captain and refused to promote plaintiff to the rank of
23 | captain because of his race (Caucasian).  Plaintiff alleged that he was more qualified for the
24 | position and that the City Council discriminated against him because of his race in violation
25 | of FEHA.  The jury found for the plaintiff and awarded $75,000 in emotional distress
26 | damages.  (Archibald Decl., Ex. C).

27 |   38. In *Evans v. Federal Express*, 2006 WL 4543813 (N.D. Cal. 2006), plaintiff,
28 | an African-American, sued for race discrimination and retaliation in violation of FEHA.  He

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

1   alleged that defendant reprimanded him and transferred from his shift in retaliation for
2   complains he filed with the Department of Fair Employment and Housing regarding race
3   discrimination.  The jury found for the plaintiff and awarded $475,000 in emotional distress
4   damages.  (Archibald Decl., Ex. D).

5       39.     In *Rosales v. Career Systems Development Corporation*, 2010 WL 3918596
6   (E.D. Cal. 2010), defendant terminated plaintiff, claiming that he violated the anti-
7   fraternization policy.  Plaintiff claimed that there was an inconsistent application of the anti-
8   fraternization policy, in favor of younger Caucasians and a pattern of terminating older
9   minority employees for specious reasons.  Plaintiff alleged claims for race/national origin
10  discrimination, age discrimination, and retaliation in violation of FEHA.  The jury found for
11  plaintiff and awarded him $84,000 in emotional distress damages.  (Archibald Decl., Ex. E).

12      40.     In *Miller v. Vicorp Inc.*, 2005 WL 6142218 (N.D. Cal. 2005), plaintiff sued
13  defendant for age discrimination in violation of FEHA.  He alleged that he was wrongfully
14  terminated because of his age after he attempted to return to work after a job related injury.
15  The jury found for plaintiff and awarded him $350,000, all for emotional distress damages.
16  (Archibald Decl., Ex. F).

17      41.     Juries award significant emotional distress damages in retaliation cases.  The
18  emotional distress awards in the sampling of six cases set forth in this removal were
19  $45,000, $75,000, $84,000, $175,000, $350,000, and $475,000.  Therefore, the amount in
20  controversy with respect to Plaintiff's request for emotional distress damages is at least
21  **$45,000**.

22      42.     **Punitive Damages**.  Defendant Walgreen Pharmacy Services Midwest, LLC
23  expressly denies that Plaintiff is entitled to recover punitive damages as it denies that
24  Plaintiff can recover on his underlying claims.  However, for purposes of calculating the
25  amount in controversy, Plaintiff's complaint seeks an unspecified amount for punitive
26  damages. (Complaint, Prayer, ¶ 3).  Punitive damages are properly considered in the amount
27  in controversy for jurisdiction purposes.  *See Davenport v. Mutual Benefit Health and*
28  *Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into

12

account where recoverable under state law).

43.     In *Amigon v. Cobe Color Cosmetics*, 2009 WL 7497138, a Los Angeles jury awarded a plaintiff $52,000 in punitive damages in a case where the plaintiff alleged, *inter alia*, retaliation and wrongful termination.  Similarly, in a recent Central District case where the Plaintiff alleged, *inter alia*, retaliation under FEHA, the Court concluded that, based on recent jury verdicts in Southern California, the plaintiff "could receive punitive and emotional distress damages that, standing alone, could meet the $75,000 jurisdictional minimum. . . ." *Stainbrook v. Target Corporation*, No. 16-cv-00090-ODW, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016).  Therefore, in light of that guidance combined with the available jury verdicts, it is reasonable to assume that the amount in controversy with respect to Plaintiff's request for punitive damages is at least **$50,000**.

44.     **Attorneys' Fees.**  Plaintiff seeks attorneys' fees in connection with his claims. (Complaint, Prayer at ¶ 8).   Attorneys' fees are properly included in the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount).

45.     When, as here, a plaintiff seeks to recover attorneys' fees, the court ***must consider future attorneys' fees*** when determining the amount in controversy.  *Fritsch v. Swift Transportation Company of Arizona, LLC*, No. 18-55746, 2018 WL 3748667 (9th Cir. Aug. 8, 2018).

46.     Defendant Walgreen Pharmacy Services Midwest, LLC expressly denies that Plaintiff is entitled to recover attorneys' fees as it denies that Plaintiff can recover on his underlying claims.   However, several courts in this district have determined that a reasonable, conservative estimate for attorneys' fees for purposes of removal in an employment case is to multiply an average hourly rate of $300 with an estimated 100 hours of work. See, e.g., *Aguilar v. Wells Fargo Bank, N.A.*, No. ED CV 15-01833-AB (SPx), 2015 WL 6755199 (C.D. Cal. Nov. 4, 2015); *Garcia v. ACE Cash Express, Inc.*, No. SACV

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

13

14–0285–DOC (RNBx), 2014 WL 2468344 (C.D. Cal. May 30, 2014), at *5; *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14–09154–AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. March 3, 2015); *Ponce V. Medical Eyeglass Center, Inc.*, No. 2:15–CV–04035–CAS (JEMx), 2015 WL 4554336 (C.D. Cal. July 27, 2015), at *4; *see also Simmons*, 209 F.Supp.2d at 1035 (recognizing that "attorneys' fees in individual discrimination cases often exceed the damages"). Therefore, this Court should adhere to no less than this same conservative estimate and conclude that Plaintiff's demand for attorneys' fees adds at least **$30,000** to the amount in controversy.

47. Therefore, ***excluding*** the additional amounts in controversy relating to Plaintiff's claims for lost wages through trial, future lost wages, and medical expenses, which will only serve to further increase the amount in controversy, Plaintiff's alleged damages place into controversy at least **$281,951.76**, as summarized below:

| Claim | Amount in Controversy |
|---|---|
| Lost wages | $156,951.76 |
| Emotional distress damages | $45,000.00 |
| Punitive damages | $50,000.00 |
| Attorneys' fees | $30,000.00 |
| **Total:** | **$281,951.76** |

48. Based upon the foregoing, the amount in controversy in this action easily exceeds the jurisdictional minimum of $75,000.

49. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

**THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED**

50.     In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending.  The Orange County Superior Court is located within the Central District of California.  Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

51.     In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibits 1-7 to this Notice.

52.     In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Orange.  Notice of Compliance shall be filed promptly afterwards with this court.

53.     As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7-1.1, Defendants concurrently filed their Certificate of Interested Parties.

## CONCLUSION

For the foregoing reasons, Defendant hereby removes the above-entitled action to United States District Court for the Central District of California.

Dated:  June 9, 2022

**BRYAN CAVE LEIGHTON PAISNER LLP**
Allison C. Eckstrom
Christopher J. Archibald
Karina Lo


By: _____
        Christopher J. Archibald
Attorneys for Defendant
WALGREEN PHARMACY SERVICES
MIDWEST, LLC

15

**PROOF OF SERVICE**
CCP 1013a(3)
*(Joseph Pham v. Walgreen Pharmacy Services Midwest, LLC, et al.)*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  1920 Main St., Suite 1000, Irvine, CA  92614-7276.

On **June 9, 2022**, I caused the following document(s) described as:

**DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL** to be served on all interested parties in this action as follows:

| | |
|---|---|
| Judy Sha<br>THE SHA FIRM, A PROFESSIONAL CORPORATION<br>5 Park Plaza, Suite 200<br>Irvine, CA 92614 | *Attorneys for Plaintiff*<br><br>Phone:    (714) 485-3818<br>Fax:<br>E-mail:  j.sha@theshafirm.com |
| Shannon Wolf<br>THE LAW OFFICE OF SHANNON WOLF<br>1201 Puerta del Sol, Suite 213<br>San Clemente, CA 92673 | Phone:    (949) 276-4214<br>Fax:<br>E-mail:  swolf@swolflegal.com |

[☒] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[☒] BY E-MAIL – I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time shown on each transmission, to each interested party at the email address shown above.  Each transmission was reported as complete and without error.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **June 9, 2022**, at Irvine, California.

*Angelina M. Andrade*

Angelina M. Andrade

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614